**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, Solely as Securities Intermediary, | ) ) | |
| Defendant. | ) ) | C.A. No.  N18C-08-074 |
| _____ | ) ) | PRW CCLD |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, Solely as Securities Intermediary, | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) | |
| Counterclaim-Defendant. | ) | |

Submitted: March 31, 2021
Decided: April 12, 2021

**ORDER LIFTING STAY, ENTERING DIMISSAL,
AND VACATING PREVIOUS ORDER OF DISQUALIFICATION**

This 12th day of April, 2021, upon consideration of the parties' Joint Motion to Lift Stay and Enter Notice of Dismissal (D.I. 138), the arguments thereon and supplements thereto (D.I. 143 and 144), the Delaware Supreme Court's Order

entered in *In re Appeal of Sunlife Assurance Company of Canada*,[1] and the record in this matter, it appears to the Court that:

(1)    This contract action between Sun Life Assurance Company of Canada and the Wilmington Savings Fund Society FSB ("WSFS") focused on the legality and enforceability of a life insurance policy that Sun Life had issued and for which WSFS acted as a securities intermediary.

(2)    Because of a prior representation, WSFS moved to disqualify the law firm Cozen O'Connor as Sun Life's counsel in this case.  The Court granted the motion, disqualified Cozen O'Connor,[2] and later denied Sun Life's request for reargument of that disqualification order.[3]

(3)    The Court then certified those two orders for interlocutory appeal,[4] which the Delaware Supreme Court accepted.[5]

---

[1]    2021 WL 964894 (Del. Mar. 15, 2021).

[2]    *Sun Life Assur. Co. of Canada v. Wilmington Savings Fund Soc'y, FSB*, 2019 WL 6998156, at *8 (Del. Super. Ct. Dec. 19, 2019).

[3]    *Sun Life Assur. Co. of Canada v. Wilmington Savings Fund Soc'y, FSB*, 2020 WL 1814758 (Del. Super. Ct. Apr. 9, 2020).

[4]    *Sun Life Assur. Co. of Canada v. Wilmington Savings Fund Soc'y, FSB*, 2020 WL 5415830 (Del. Super. Ct. Aug. 5, 2020).

[5]    *In re Appeal of Sunlife Assurance Company of Canada*, 2021 WL 964894, at *1.

(4)   On the same day the Court certified the disqualification orders for interlocutory appeal, it entered an order staying further litigation and proceedings until resolution of that appeal.[6]

(5)   While the interlocutory appeal was pending, the parties to this action reached a settlement agreement. Sun Life then filed in the Supreme Court both a notice of voluntary dismissal of its appeal and a motion for vacatur of this Court's orders disqualifying Cozen O'Connor and denying reargument of the disqualification issue.[7]

(6)   The Supreme Court concluded that Cozen O'Connor's request[8] for vacatur should be granted. As the appeal became subject to dismissal because of an event beyond Cozen O'Connor's control (*i.e.*, the real parties' settlement), our high court found that Cozen O'Connor should not be subject to the potential reputational effect of this Court's disqualification decision—"particularly in light of th[is] [ ] Court's determination that the firm and its attorneys acted with the diligence, integrity, and vigilance appropriate to the profession."[9] And so, the matter was

---

[6]   D.I. 136.

[7]   *In re Appeal of Sunlife Assurance Company of Canada*, 2021 WL 964894, at *1.

[8]   After the parties reached their settlement, Cozen O'Connor was granted leave to intervene in the appeal and to join in the motion for vacatur then pending in the Supreme Court. *Id.*

[9]   *Id.* at 2.

remanded to this Court for the purpose of vacating its December 19, 2019, and April 9, 2020 decisions and orders.[10]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that: (a) the STAY entered on August 5, 2020 (D.I. 136) is hereby **LIFTED;** (b) the parties' joint motion for entry of DISMISSAL (D.I. 138) is **GRANTED**—all the parties' remaining claims and counterclaims in this action are **DISMISSED with prejudice** with each party to bear its own costs and attorney's fees; and (c) the Court's orders disqualifying Cozen O'Connor (D.I. 122)[11] and denying reargument of the disqualification issue (D.I. 127)[12] are hereby **VACATED.**

_____
Paul R. Wallace, Judge

Original to Prothonotary
cc:  All counsel via File & Serve

---

[10]  *Id.*; D.I. 145 (Supreme Court Mandate).

[11]  *Sun Life Assur. Co. of Canada v. Wilmington Savings Fund Soc'y, FSB*, 2019 WL 6998156, at *8 (Del. Super. Ct. Dec. 19, 2019).

[12]  *Sun Life Assur. Co. of Canada v. Wilmington Savings Fund Soc'y, FSB*, 2020 WL 1814758 (Del. Super. Ct. Apr. 9, 2020).